This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 35,183**

**RAYMOND CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Raymond Chavez
Los Alamos, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals his conviction for speeding, following a *de novo* trial in the district court after Defendant was convicted of the same offense in magistrate court. We issued a notice of proposed summary disposition proposing to affirm Defendant's conviction. Defendant filed a memorandum opposing the proposed summary affirmance, and we have given careful consideration to the arguments made in that memorandum. However, we continue to believe affirmance is warranted. We therefore affirm for the reasons stated in this opinion and in the notice of proposed summary disposition.

{2}     We summarize our discussion in the notice of proposed disposition as follows: (1) the officer who measured Defendant's speed with a radar unit testified that he tested the unit with tuning forks both before his shift and at the end of his shift; (2) the officer also testified that the tuning forks had been maintained properly and were not broken or cracked; and (3) this testimony was sufficient to establish a prima facie showing that the radar unit was operating properly, and it then became Defendant's burden to bring forth evidence tending to establish the contrary proposition. *Cf. State v. Martinez*, 2007-NMSC-025, ¶¶ 22-24, 141 N.M. 713, 160 P.3d 894 (holding that officer testifying about BAT results need not be knowledgeable about certification process for breathalyser; if there is a problem with the process, however, the defendant may introduce evidence regarding that problem and undercut the reliability of the

BAT results). In response, Defendant has raised several unpersuasive arguments, which we briefly discuss below.

**{3}** Defendant points out that neither the magistrate judge nor the district court judge took judicial notice of the reliability of the radar unit or the tuning forks. [MIO 3, 7] We reject this argument because it was not necessary for the district court to take judicial notice of these issues. As noted above, the officer testified that the tuning forks were maintained properly and were not cracked or broken; he also testified that he used those tuning forks to test the radar unit to ensure that it was working properly. This evidence was sufficient to support the district court's decision to admit the evidence obtained from the radar unit. To the extent Defendant might argue that even more evidence was required, such as an inquiry into whether the tuning forks were calibrated in accordance with applicable NHTSA standards [MIO 4], we disagree. This is the type of issue, such as the certification process for a breathalyser, that requires a defendant to perform discovery and find out whether there was indeed some type of deficiency in the equipment. *Cf. Martinez*, 2007-NMSC-025, ¶ 24. The State is not required, as Defendant seems to argue, to introduce evidence concerning every possible aspect of the calibration and testing process that ensures that a radar unit is accurate. Since Defendant did not introduce any evidence tending to show that the

tuning forks were not operating properly, he failed to cast doubt on the evidence provided by the radar unit.

{4}     Defendant also raises an argument based on California law, which according to Defendant requires additional evidence to be provided if a "speed trap" is used to catch speeding drivers. [MIO 7] The answer to this argument is simple: California law has no applicability in New Mexico, and we are aware of no New Mexico statute or case that imposes requirements similar to those discussed in the California case cited by Defendant. We therefore need not discuss that case or the California statutes relied on in that opinion.

{5}     Defendant next argues that no records of maintenance or calibration of the radar unit were kept, in violation of policies and procedures established by the Department of Public Safety. [MIO 8] Defendant does not explain how the mere violation of this policy rendered the radar-unit evidence inadmissible. The key requirement for a radar unit is that it be operating correctly. As we pointed out above, there was evidence that the radar unit in question in this case was operating properly at the time it measured Defendant's speed. Once that evidence was introduced it was incumbent on Defendant to introduce contrary evidence, which he failed to do. The apparent violation of the record-keeping requirement, therefore, did not provide grounds for excluding the evidence obtained from the radar unit.

**{6}** Defendant's final argument is similar; he maintains that the calibration certificate for the radar unit that was introduced into evidence was over nine years old, while "industry standards" require recalibration of radar units by the manufacturer every three years at a minimum. [MIO 4] Defendant does not explain whether evidence of these "industry standards" was presented to the district court, and he does not provide information concerning the source of the "industry standards." Furthermore, Defendant has submitted no information that would allow this Court to determine why a requirement that a radar unit's calibration meet "industry standards" should be imported into our case law as a prerequisite for admission of radar-unit evidence. Finally, despite the possible violation of "industry standards" in this case, the officer testified that the radar unit was working properly on the day in question. This testimony provided sufficient evidence to support admission of the radar-unit results into evidence, and in turn to support Defendant's conviction for speeding.

**{7}** Based on the foregoing as well as the analysis contained in the notice of proposed summary disposition, we affirm.

**{8}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**


_____
**JULIE J. VARGAS, Judge**